Hon. ETHER SHEPLEY, LL. D., CHIEF JUSTICE.
Hon. SAMUEL WELLS, } ASSOCIATE
Hon. JOSEPH HOWARD. } JUSTICES.

---

### WEEKS *versus* ELLIOTT.

Upon a verbal agreement between A, B and C, that a note due from B to A shall be paid by C at a future day, the promise of C to pay accordingly, is but executory, and does not of itself operate a payment of the note.

Upon such an agreement, if the promise of C be that he will make the payment in services, (the promise being of an entirety,) it cannot be claimed, as against the holder, that any part of the note is paid by the performance of only a part of the services.

Whether it is the right of a party, after the jury has once retired with the cause, to request new instructions to them from the Court, *quere*.

ON EXCEPTIONS from the District Court, RICE, J.

ASSUMPSIT by the payee, who is an attorney-at-law, against the maker of two promissory notes.

To prove payment, the defendant introduced a witness who

testified *that* he, the witness, was indebted to the defendant in the sum of $28,50 upon two small due-bills ; — *that* the plaintiff, defendant and witness were together, when the plaintiff verbally promised the defendant to allow him that amount, and take his pay therefor from the witness in services as a deputy sheriff ; — *that* the witness afterwards credited the plaintiff on book account for the $28,50 and performed for him services, as a deputy sheriff, for a greater amount, which he charged to him ; — *that*, several months afterwards, the defendant gave up the two due-bills to the witness ; — and *that*, at a subsequent time, the plaintiff said that the notes against the defendant were paid, and that the defendant owed him nothing, and promised to cancel the notes and leave them with Mr. Abbott for the witness to take.

The $28,50 was never indorsed upon the notes, nor charged by the plaintiff to the witness, and no settlement was ever made between them.

The Judge instructed the jury, " that if the plaintiff made an agreement, as testified to by the witness, which was not carried into effect at the time, that agreement was executory ; and unless it was, afterwards executed, and the amount of the witness's note to the defendant allowed or indorsed by the plaintiff on the notes in suit, it is not to be considered as a payment." After the jury had retired, and, not agreeing, had returned into Court for some explanation, the counsel for the defendant requested the Judge to instruct the jury, " that if the plaintiff and the defendant, and the witness agreed, when together, that the plaintiff should allow in payment on the defendant's notes, twenty-eight dollars and fifty cents, and take that amount in *services* of the witness, that operated *at that time*, as payment of that sum, whether it was then indorsed or not ; or, if not at that time, that it did so as fast as the witness performed any services for the plaintiff."

The Judge refused to give these instructions, and the defendant excepted.

*Davis*, for the defendant, submitted without argument.

*W. G. Crosby*, for plaintiff.

1. The agreement, if any such was made, to allow defendant $28,50 on the note in suit, and to take pay for that amount of the witness in services, was without consideration, and therefore not binding upon plaintiff.

2. The agreement of the witness to pay that sum, if he made any such, constituted no consideration, it being only a verbal promise to pay the debt of another; plaintiff could not have enforced the performance of that agreement. It would have been different, had the due-bills against the witness been transferred to plaintiff, or had defendant so bound himself, that he could not have maintained an action against witness, upon them. Had he brought a suit upon them, witness could not have set up in defence the agreement on his part to pay the amount due on them to plaintiff. An agreement to pay is not payment. The whole contract then, as it regards all the parties to it, was without consideration.

The Judge, therefore, did not err in declining to instruct the jury, that the "agreement" operated as payment of defendant's notes, at the time it was entered into.

If the "agreement" did not operate as payment, did the services of the witness so operate as fast as performed? Such is the doctrine of defendant, as expressed in the second branch of his request.

They did not so operate for the reason that the agreement was for an *entire* sum. Nothing less than payment of the entire sum would be performance on the part of the witness, or of defendant, who was a party to the agreement, and entitled to the benefits resulting from a full performance. Plaintiff was under no obligation to accept part in lieu of the whole. Compliance with the request would have substituted for the original agreement, one entirely different in its terms and operation. The Judge, therefore, did not err in declining to comply with this portion of defendant's request.

The contract in this case, if any such was made, was executory; it was not binding until executed.

To execute it, it was necessary that witness should have performed the service for plaintiff in *payment* of defendant's notes, — and that plaintiff should have received them as such. The testimony as reported is, *that* plaintiff was an attorney-at-law ; *that* witness was a deputy sheriff ; *that* he rendered services for plaintiff to an indefinite amount, exceeding the sum of $28,50 ; — *that* no application of any of those services has ever been made to the payment of the notes in suit ; — *that* plaintiff and witness have never had any settlement of the same ; — and *that* the amount was never indorsed on defendant's note. There was no proof that plaintiff has ever done any act by which the indebtedness of defendant has been transferred to witness. Nor does there appear to have been any act on the part of defendant, affirmatory of the contract, until several months after this suit was brought, when he gave up to the witness the due-bills which he held against him.

At the time this suit was brought, then, the contract remained wholly unexecuted by all the parties to it ; and therefore did not operate as payment in whole or in part of the notes in suit.

Wells, J., orally. — In these exceptions, we are to look only at the instructions given and the instructions refused.

The Judge instructed the jury *that* if the agreement, as testified to, was made, and if it was not executed at that time by an allowance on the notes in suit, it was not then a payment ; — and *that*, unless the plaintiff, after the official services were rendered by the witness, had allowed or indorsed the amount upon the note, the services did not constitute a payment.

If the agreement was that the plaintiff should receive the witness' promise, as mere collateral to the notes in suit, and not to be effective as a payment, till the services should have been performed, it did not operate as a payment.

So, if the promise of the witness was merely to pay the debt of the defendant, it was void by the statute of frauds, and could not discharge the note.

It may however be said, that it was neither a collateral promise, nor a promise to pay the debt of another, but that it was a promise by the witness to pay his own debt; and to pay it to the plaintiff, instead of the defendant. But there was no assignment of the due-bills, by the defendant to the plaintiff, with a promise by the debtor to pay to the plaintiff. The plaintiff could maintain no suit against the witness. The instruction given was therefore correct.

At most, the promise by the witness was merely executory. The instruction requested, (that the jury should consider the $28,50 as paid at the time of the promise,) was therefore rightfully refused.

Again, the defendant requested instruction that the services, *so fast as performed*, operated a payment *pro tanto*. But the agreement was *in solido*, an entirety. It did not contemplate piecemeal payments, nor compel the plaintiff to divide up his debt and receive it from time to time in parts. This requested instruction could not properly have been given.

In offering this opinion, the Court do not intend to be considered as establishing the right of a party to request instruction, after the jury has once retired with the case.