## HARRIS H. HARVEY *v.* DAVIS GRAHAM.

After a cause has been submitted to the jury and they have retired to deliberate as to their verdict, the question of re-opening the case for further and new instructions to the jury as to matters of law is addressed to the discretion of the court.

In such case where the jury have requested merely a repetition of certain instructions already given to them by the court without exception, and have been recalled for that purpose only, after a repetition of such instructions it is within the discretionary power of the court to refuse to give them new instructions asked for by one of the parties.

INDEBITATUS ASSUMPSIT, for work and labor.

The defendant was one of a committee of a religious society, appointed to repair a church.

The plaintiff put the pews in the church, under an agreement with the defendant, that he should be paid $90. There was evidence tending to show that by the agreement, the plaintiff was to take one of the pews in part payment; that, before the work was commenced, the parties understood that $800 was to be raised by sale of pews; that there were to be 40 pews at $20 apiece; that the plaintiff, according to a subsequent agreement between himself and the defendant, made the pews larger than they were at first designed to be, so that there was not room for 40 pews, and a less number was built; that the pews were held by the society at different prices from $17 to $30, averaging more than $20, so as to amount to the $800; that no pew had been offered to the plaintiff and he had made no effort or request to obtain one.

During the trial and argument, the only grounds of defense suggested by the defendant's counsel were that the defendant made the contract as agent for the society, and that the plaintiff was to be paid from the proceeds of the sales of the pews, and that no proceeds had been received when the suit was brought.

The court instructed the jury fully on those points, and that the plaintiff could recover only the amount which he was to receive in money; that if he was to receive a pew in part payment, he could not in this action, recover damages for not having received it.

After the jury had retired to their room, in the forenoon, and the court had adjourned to the afternoon, they sent a message to the court requesting that the instructions in relation to the pew might be repeated. The court directed them to return to the court room, and, in the presence of the counsel of both parties, repeated the instructions requested by the jury. The defendant's counsel then requested the court to instruct the jury that if the plaintiff was to receive a pew in part payment, the verdict should be for the defendant, because the declaration should have been special on the contract; and the plaintiff's counsel requested the court to charge that the plaintiff could recover for the pew, if he was to have it for $20, and if the defendant and the society refused to let him have it at that price.

The court declined to give any new instructions in that stage of the

case, and the defendant excepted. The jury returned a verdict for the plaintiff and the defendant moved to set it aside.

_Haywood & Fletcher_, for defendant.

_Ramsay & Barker_, for plaintiff.

BARTLETT, J. After the case had been submitted to the jury and they had retired for deliberation as to their verdict, the question of re-opening the case for further and new instructions to the jury as to matters of law was. as much addressed to the discretion of the court, as the question of re-opening it for further and new evidence as to matters of fact. _Smith_ v. _Keen_, 26 Me. 422 ; _Booth's Case_, 4 Gratt. 526 ; see _Turner_ v. _Yates_, 16 How. 25 ; _Bassett_ v. _Salisbury_, 28 N. H. 458 ; 3 Chitt. Prac. 914. Any other rule of practice would prove very embarrassing in the administration of justice. The jury requested merely a repetition of certain instructions, which had already been given by the court without any exception on the part of the defendant, and they were recalled for that purpose only ; and when those instructions were repeated, it was quite as much within the discretionary power of the court to refuse to give the new instructions asked, as it would have been, before the return of the jury for the single purpose stated, to have declined to recall them to give new instructions. _Prosser_ v. _Henderson_, 11 Ala. 484, (8 U. S. Dig. 350, 18 ;) and see _Weeks_ v. _Elliott_, 33 Me. 488. In _Yeldell_ v. _Shinholster_, 15 Geo. 189, the instructions, which the court were requested to give when the jury came in for a repetition of the charge, seem to have been in substance the same that the court had been asked and had erroneously refused to give at the time of the original charge. Such an exercise by the court, at the trial term, of their discretionary power, as appears in the present case, will not ordinarily be revised at the law term. _Riddle_ v. _Gage_, 37 N. H. 520 ; _Thayer_ v. _Elliott_, 16 N. H. 102 ; _Wells_ v. _Burbank_, 17 N. H. 412.

There must be

_Judgment on the verdict._